Edward T. PURCELL, Appellant,

v.

Maxine C. SNOWDEN et al., Appellees.

No. 3922.

Court of Civil Appeals of Texas.

Eastland.

Feb. 5, 1965.

Rehearing Denied Feb. 26, 1965.

———◆———

Jandt & Jandt, Seguin, for appellant.

Threlkeld, Saegert & Saegert, Seguin, Remy & Burns, San Antonio, for appellees.

COLLINGS, Justice.

Edward T. Purcell brought this suit in trespass to try title against Maxine C. Snowden and husband Homer W. Snowden and Peerless Insurance Company to establish his title to certain oil and gas leasehold estates. The Snowden defendants alleged ownership of the leasehold estates, claiming that plaintiff and his predecessor in title acquired the leases in trust from the Snowdens' agent Lee Sievers. The case was tried before a jury and based upon the verdict judgment was rendered in favor of Maxine C. Snowden and Peerless Insurance Company for certain interests in the leasehold estates. Edward T. Purcell has appealed.

The pleadings and evidence indicate that Homer W. Snowden was investigated for alleged violation of certain federal statutes, and upon the advice of William J. Balmer and others employed Sinon A. Murray an attorney to secure trial lawyers to represent him, and paid substantial cash to Murray and Balmer during the time the case was under investigation. Snowden was indicted in the Federal District Court at Danville, Illinois and was informed that he would be required to give additional security to those who had financed the efforts in his behalf, and to have funds to employ trial lawyers and otherwise represent him in the criminal case pending at Danville. Snowden through his wife, Maxine C. Snowden thereupon caused an undivided $15\!/\!32$ interest in the leasehold estates here involved to be assigned to Sinon A. Murray as trustee. This assignment was dated March 21, 1957. Thereafter Snowden was tried and convicted in the Federal District Court at Danville, Illinois and his punishment assessed at a fine of $30,500.00 plus costs in the amount of $5,761.82, and in addition thereto a jail sentence was imposed. Snowden's supersedeas bond was fixed at $37,500.00 and Peerless Insurance Company through its agent Phillip B. Kitzer was requested to and did execute this bond. The insurance company refused to execute the bond unless it was given security, and it was agreed that an assignment of an additional $15\!/\!32$ undivided interest in the leasehold estates involved would be made to Sinon A. Murray, trustee for that purpose. Appellees allege and the oral testimony complained of indicates that the assignment of such leasehold estates was to secure the payment of the supersedeas bond and also to furnish monies to be paid to Maxine C. Snowden pending the appeal of the criminal case. The latter assignment was duly made and dated April 29, 1957.

Snowden and his wife assert and contend that it was orally agreed that Sinon A. Murray was to hold the two assignments in trust for the purposes for which they were conveyed to him but that Murray subsequently repudiated the trust and claimed the properties as his own. Peerless Insurance Company asserts that the second assignment dated April 29, 1957 was made to secure it on its supersedeas bond and that after it had been paid in full for any monies it was required to pay by reason of executing such supersedeas bond such properties were to be reconveyed by Sinon A. Murray to Maxine C. Snowden. Peerless Insurance Company also alleged and showed that the appeal of Snowden was not perfected, that the bond was forfeited and Peerless Insurance Company was required to pay the $37,500.00 represented by the bond, and that such amount has not been repaid to it.

The Snowdens and Peerless Insurance Company allege and assert that by reason of the confidential relationship existing between Homer W. Snowden and his attorney Sinon Murray and the breach of this confidential relation by Murray in failing to comply with the agreements he had made concerning the two assignments that a resulting or constructive trust was established. In answer to issues submitted it was found by the jury that the conveyances to Sinon A. Murray were not sales, and that such leases were assigned to him for the purposes contended by the Snowdens and Peerless Insurance Company, and that the title thereto was to be conveyed to Maxine C. Snowden upon the payment of the indebtedness it was intended to secure.

The evidence further shows that Sinon A. Murray transferred the leases in question to Edwin T. Burton, trustee, who did not claim ownership of the properties but operated them for Murray, and that later at the request of Murray, Burton as trustee transferred the properties to Purcell who is the plaintiff and appellant in this suit. The evidence shows that Purcell took such properties with full knowledge of all the facts enumerated.

Based upon the pleadings, jury findings and the evidence, judgment was entered decreeing that Edward T. Purcell, trustee, have and recover an undivided $\frac{1}{2}$ interest in the $\frac{15}{32}$ interest represented by the assignment dated March 21, 1957, and that the remaining $\frac{1}{2}$ interest be awarded to Edward T. Purcell, trustee, to be held by him until the payment in full by the Snowdens of the indebtedness, if any, owing by them to Edward T. Purcell, trustee at which time the title and possession and ownership of such undivided $\frac{1}{2}$ interest in the $\frac{15}{32}$ interest should become the separate property of Maxine C. Snowden. It was further provided in the judgment that the title and possession to the $\frac{15}{32}$ interest of the assignment dated April 29, 1957 be awarded an undivided $\frac{1}{2}$ interest to Maxine C. Snowden and an undivided $\frac{1}{2}$ interest therein to the Peerless Insurance Company until the payment by the Snowdens to the Peerless Insurance Company of $37,500.00, with interest, owed by Homer W. Snowden to the insurance company after which time the title to such $\frac{1}{2}$ of the $\frac{15}{32}$ interest would vest in Maxine C. Snowden as her separate property.

Each of the assignments which are the subject matter of this suit and were from Lee Sievers to Sinon A. Murray provided that "WHEREAS, an undivided interest in said leases and all rights thereunder or incidents thereto are now owned by Lee Sievers." Prior assignments of the leases from H K S Operating Company to Fred Packard and others likewise recited that such leases were then owned by such assignors. Appellees Maxine C. Snowden and Homer W. Snowden were permitted by the court to testify that Lee Sievers was not the owner of such leasehold estates, but that said leases were at all times the property of Maxine Snowden; that she was the owner of such leasehold estates when H K S Operating Company and Fred Packard held legal title thereto; that she had caused such leases to be assigned to Lee Sievers and that Sievers was holding title thereto for her at the time she caused him

to assign the leases to Sinon A. Murray, trustee; that the circumstances under which the assignments to Sinon A. Murray occurred were that Homer W. Snowden was under criminal indictment in the Federal Courts in the State of Illinois; that he and Maxine C. Snowden contacted Murray and Purcell, both attorneys, and others to assist in preparing Homer W. Snowden's defense and to advance monies necessary for such defense; that to secure such services, advice and raise such monies an agreement was made between the Snowdens and Murray, Purcell and their associates that the oil and gas leases in question would be transferred to Murray as trustee to be held for the purpose of securing the payment of any expenses or monies advanced by Murray, Purcell and associates in connection with the defense of the criminal case against Snowden, including the securing of Peerless Insurance Company to provide a supersedeas bond after the conviction of Snowden in the criminal case; that under the agreement between the parties the assignments were made to Murray for the purposes contended by the Snowdens and Peerless Insurance Company as set out in the judgment of the court.

■ Appellant contends in numerous points that such testimony was in violation of the parol evidence rule because it purported to show orally that Sievers was holding the property in trust for Maxine Snowden when recitations in the assignments, as above indicated, were to the effect that Sievers was the owner thereof and that it was not permissible to show that he was acting for an undisclosed principal; that such evidence also purported to show oral agreements between the Snowdens and Murray, Purcell and associates made prior to the execution of the written assignments to Murray over the objection of appellant that any oral agreement made prior to the written contract was terminated and was embodied in the written contract, and that the judgment should be reversed because of the error in admitting such evidence.

We cannot agree with these contentions. The pleadings and the evidence show a confidential relationship between the Snowdens and Murray and that Sievers was holding the property in trust for Maxine C. Snowden. The record further shows that Snowden and his wife caused and secured the assignments of such oil and gas leasehold estates to be made by Sievers to Sinon A. Murray as trustee for the purposes stated by the Snowdens, and that Purcell at all times had full knowledge of all the facts and circumstances including the confidential and trust relationship between the Snowdens and Murray. Since Purcell and Murray, as trustees, acquired the legal title to the leasehold estates as indicated, both having full knowledge of the rights of Mrs. Snowden, they are not protected by the provisions of Article 7425b–8, Vernon's Ann.Tex.Civ.St. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401, (Sup.Ct.); Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985.

■ Appellant's contention that it was error for the court to permit the introduction of testimony by Snowden and his wife and others concerning oral agreements and understandings with Purcell, Murray and others prior to the execution and delivery of the assignments in question is likewise overruled. Parol evidence is admissible to impose a constructive trust. Mills v. Gray, supra. The evidence was sufficient to establish a constructive trust, and it is held in such cases that a verbal promise to reconvey is not within the statute of frauds where, as here, the promise is made, between parties who occupy a position of confidential relationship, as a means of acquiring the interest in real estate. To permit a repudiation of the trust agreement in such a case would constitute unjust enrichment.

Special issues 1 through 7 inquired: whether the conveyances to Murray were sales; whether the Snowdens agreed with Murray and associates that Murray was to hold the leasehold interests assigned to him

by Sievers on March 21, 1957, in trust to secure any indebtedness of Homer Snowden to Murray and associates and whether upon payment of such indebtedness one-half of such leasehold interest was to be conveyed to Maxine C. Snowden; whether it was agreed by the parties that Murray as trustee was to hold one-half of the interest assigned to him by Sievers on April 29, 1957 for the purpose of securing any indebtedness of Homer Snowden to Peerless Insurance Company in connection with a bond to be executed by such company, and whether it was agreed that upon payment of such indebtedness to the insurance company said leasehold interest was to be conveyed by Murray to Maxine C. Snowden.

■ Appellant urges that the court erred in submitting such issues to the jury because appellant contends "none of said issues were supported by the pleadings and evidence" and further that such issues "did not seek to determine facts which would support a judgment declaring a constructive trust."

Contrary to appellant's contention it is our opinion that such issues do inquire concerning facts "which would support a judgment declaring a constructive trust." We have examined the pleadings and evidence and find that such pleadings and evidence supports the submission of the special issues complained of. The Snowdens alleged the existence of a confidential relationship between them and Sinon A. Murray, in that Murray was representing Snowden as an attorney. They also alleged that the assignments were caused by the Snowdens to be made by Sievers to Murray for certain agreed purposes; that Murray and his associates did not carry out the purposes for which the leases were assigned to Murray, but that Murray breached the confidential relationship and agreement, and that a constructive trust was thereby created. Peerless Insurance Company also alleged the existence of the confidential relationship, the agreed purpose of the as-

signment made to secure it, the breach of the agreement and the creation of the resulting trust. In our opinion the trial court properly overruled appellant's objections to the submission of the special issues complained of.

■ Appellant further contends that the judgment should be reversed because the court permitted Snowden to testify to the effect that the assignment dated April 29, 1957 was made to Murray as security for the Peerless Insurance Company for having executed the bond required of Snowden. The objection by appellant was that the proper predicate had not been laid in accordance with the law of the State of Illinois. Appellant sets out in his brief the purported statutory law of the State of Illinois with reference to a surety receiving or taking securities to secure it against losses on account of its execution of a criminal bond.

Appellant urges that since the bond was posted in the State of Illinois that in order for the surety to be able to receive the benefit of security pledged the Illinois statute must be complied with, that is, that the surety must in compliance with the statute, have filed an affidavit setting out what security was given for the bond and who offered the security. Appellant urges that compliance with the statute was a condition precedent to the right to enforce any indemnity agreement; that the general rule is that when a condition precedent is required before a suit can be brought that in order to testify to the facts on which suit is based the parties offering that testimony must first lay a predicate by showing compliance with the Illinois law.

We cannot agree with appellant's contention that the law of Illinois governs the admissibility of the evidence in question. The bond was required and filed in the Federal court and not in the Illinois State court. This suit was brought in Texas and involves the establishment of a constructive trust covering an interest in land in Texas. In

our opinion the law of Texas governs the admissibility of evidence in the Texas courts bearing upon establishment of such a trust. As heretofore noted the evidence was admissible under Texas law as an exception to the parol evidence rule to prove a constructive trust. Appellant's point in this connection is overruled.

■ Appellant tendered and sought to introduce into evidence a letter and a claim filed in the bankruptcy proceeding of Homer W. Snowden in the U.S. District Court for the State of California. Both of the exhibits were claimed by appellant to have been filed in behalf of Peerless Insurance Company, and to be admissions against interest by Peerless. The effect of such evidence was to show that Peerless was an unsecured creditor of the estate of the said Homer Snowden. Appellant contends that the tendered exhibits are contrary to the contention and testimony of appellees in the instant case to the effect that the assignment of April 29, 1957, was made to Murray to secure the Peerless Insurance Company in executing the Snowden bond. Appellant contends that such evidence was admissible as an admission against interest by Peerless and that the court erred in refusing to receive same in evidence. We cannot agree with this contention.

Peerless certainly had a claim against Homer W. Snowden for any payment it was required to make on the bond executed in his behalf. Snowden was primarily liable therefor. The statements or admissions of Peerless in the California bankruptcy proceeding were that it had no lien securing its claim against any property belonging to the estate of Homer W. Snowden. The testimony and contention of appellees in the instant case was not that any property belonging to Snowden had been assigned to Murray to secure Peerless, but that property belonging to Mrs. Snowden had been so assigned. The claimed admissions of Peerless in the bankruptcy proceeding are not in conflict with appellee's contention and testimony in the instant case. It was

therefore not reversible error for the court to refuse to admit in evidence the exhibits in question as admissions against interest by Peerless.

Appellant's points are all overruled. The judgment is affirmed.