**Lolita McNeill MUHM, Appellant,**

v.

**Cleveland DAVIS et al., Appellees.**

**No. 17345.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 29, 1979.

Rehearing Denied April 26, 1979.

Robert J. Kern, Houston, for appellant.

Leland B. Kee, Angleton, for appellees.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

COLEMAN, Chief Justice.

Lolita McNeill Muhm, hereinafter referred to as plaintiff, brought suit against Cleveland Davis, Perry Reese McNeill, Jr., William Nelson McNeill and Vey Marguerite McNeill seeking to set aside a deed whereby Perry Reese McNeill conveyed his undivided one-half (½) interest in 300 acres of land in the T.B. Bell League of Brazoria County, Texas, to "Cleveland Davis, Trustee," and a subsequent deed whereby "Cleveland Davis, Trustee" conveyed the same land to Lolita McNeill Muhm, Phillip McNeill Muhm, Perry Reese McNeill, Jr., William Nelson McNeill and Vey Marguerite McNeill, share and share alike. The plaintiff's cause of action is based upon her contention that the deed from McNeill to Davis constituted an attempt to create an express parol trust and was invalid. She asserts that the second deed was executed for the purpose of carrying out the invalid trust and that both instruments should be set aside which would permit the title to the real property to pass to her and her brother, Perry Reese McNeill, Jr., in equal shares by virtue of the will of Perry Reese McNeill, which has been duly admitted to probate.

The defendant's answer asserted that the property in question was deeded by Perry Reese McNeill to the defendant Davis as trustee pursuant to a previous agreement that when Vey Marguerite McNeill reached the age of eighteen years he, Cleveland Davis, would convey the said property to Lolita McNeill Muhm, Phillip McNeill Muhm, Perry Reese McNeill, Jr., William Nelson McNeill and Vey Marguerite McNeill, share and share alike. It was further alleged that Cleveland Davis as trustee did convey the land to the grantees designated by Perry Reese McNeill, and that both these deeds were recorded and that title of record is vested in the five grantees

named in the deed executed by Cleveland Davis, trustee.

The plaintiff directed interrogatories to Cleveland Davis and Perry Reese McNeill, Jr., which were duly answered. Thereafter the plaintiff filed her motion for summary judgment. The defendants filed an answer to the motion for summary judgment and a cross motion for a summary judgment supported by the affidavit of Cleveland Davis and Elfreida McNeill, the wife of Perry Reese McNeill. After a hearing, the trial court denied the summary judgment requested by the plaintiff and granted a summary judgment requested by the defendants. This appeal resulted. The judgment will be affirmed.

The plaintiff contends that the trial court improperly considered the affidavits attached to the defendant's motion for summary judgment because the affidavits violated the parol evidence rule, the Tex. Trust Act (Article 7425b–7, V.A.C.S.), and the Dead Man's Statute (Article 3716, V.A.C.S.). Plaintiff further asserts that the affidavits contained conclusions and hearsay.

■ Perry Reese McNeill, the grantor in the deed to Cleveland Davis, trustee, died prior to the institution of this suit. Cleveland Davis is the executor of his will. The plaintiff asserts that by reason of Article 3716, supra, Davis is barred from testifying as to any transactions with the decedent. That Statute specifically authorizes a party to testify as to transactions with the decedent if he is called to testify thereto by the opposite party. The plaintiff directed interrogatories to Cleveland Davis requesting that he state the factual circumstances surrounding the creation of the February 28, 1974, instrument (the deed from Perry Reese McNeill to Cleveland Davis, trustee). This interrogatory was answered in detail by Cleveland Davis. By initiating this inquiry, the plaintiff has waived the Statute insofar as the particular transaction inquired about is concerned. *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801 (1956); *Fleming v. Baylor University Medical Center*, 554 S.W.2d 263 (Tex.Civ.App.-Waco 1977, writ ref'd n.r.e.); *Denbo v. But-*

ler, 523 S.W.2d 458, 460 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ).

■ The Parol Evidence Rule is the rule which, upon the establishment of the existence of a writing intended as a completed memorial of a legal transaction, denies efficacy to any prior or contemporary expressions of the parties relating to the same subject matter as that to which a written memorial relates. This is a rule of law rather than a rule of evidence. McCormick & Ray, 2d ed., Texas Law of Evidence, Vol. 2, § 1601 (1956). The rule applies only to operative legal transactions and not to mere statements or recitals, such as a recital as to past consideration received. *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777 (1952).

■ The general rule that all parol agreements and negotiations touching the subject matter of a written contract between the parties, anterior to or contemporaneous with the execution of the instrument, are to be regarded as merged in the writing is subject to certain well established exceptions. The rule cannot be invoked to protect or enforce by judicial sanction such contracts as may be shown by extrinsic evidence to have been entered into contrary to public policy, to public morals, or other causes which, if expressed on their face, would stamp them with illegality. *Donley v. Tindall*, 32 Tex. 43 (Tex.1869). The courts of this state will neither aid in the enforcement of an illegal executory contract nor relieve from an illegal contract a party who has executed it. *Morrison v. City of Ft. Worth*, 138 Tex. 10, 155 S.W.2d 908 (1941).

■ The rule excluding extrinsic evidence as to a written instrument has no place in any inquiry where the court has before it an instrument not then effective. The rule that parol evidence is inadmissible to contradict or vary the terms of a written contract applies only to a written contract in force as a binding obligation. Parol evidence is always competent to show the nonexistence of a contract or the conditions upon which it may become effective. *Bak-*

*er v. Baker*, 143 Tex. 191, 183 S.W.2d 724 (1944).

■ Mrs. Muhm was entitled to introduce evidence concerning the circumstances and agreements leading to and forming the consideration for the execution of the deed from Perry Reese McNeill to Cleveland Davis, trustee. She has alleged that this· instrument was executed pursuant to an oral agreement establishing an express trust. The defendants were entitled to introduce evidence to rebut that offered by the plaintiff. Parol evidence tending to establish a constructive or a resulting trust in real estate is admissible. *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985 (1948); *Purcell v. Snowden*, 387 S.W.2d 138 (Tex.Civ.App.-Eastland 1965, writ ref'd n.r.e.).

■ Statements contained in the affidavit that are purely conclusionary, or that constitute hearsay, cannot be considered as summary judgment evidence. The fact that the affidavits may contain such statements, however, does not require the conclusion that factual statements which would be admissible in evidence found in the affidavits cannot be considered.

There is competent summary judgment evidence that Cleveland Davis was an attorney at law who had represented Perry Reese McNeill in various legal matters over a period of years prior to the date of the execution of the deed in question. In his affidavit, Cleveland Davis stated that Perry Reese McNeill and his wife, Elfreida Mellott McNeill, came to his office in the early part of the year 1974 and told him that he, McNeill, desired to divest himself of his interest in the 300 acre Phillip McNeill home tract. He further stated that he wanted his interest in said tract divided among his three grandchildren, William Nelson McNeill, Vey Marguerite McNeill and Phillip McNeill Muhm, and his two children, Lolita McNeill Muhm and Perry Reese McNeill, Jr., in equal portions. He, Davis, advised McNeill that since Vey Marguerite McNeill was a minor he should place the property in a trust for them, the trust to terminate when Vey became of age. McNeill then requested that Davis prepare a deed conveying the property to Davis as trustee. It was contemplated that a trust indenture should be prepared setting out in written form the instructions McNeill gave to Davis with reference to the property. Davis advised McNeill that the deed to Davis as trustee should not be filed in the deed records until the trust agreement was completed and executed.

On December 30, 1974, McNeill and his wife again appeared at Davis' office to inquire whether the trust agreement was completed and executed. He stated that he wanted the property taken out of his name prior to the end of the year 1974. The trust indenture was not complete so Davis had a deed prepared whereby he, as trustee, conveyed the land in question to McNeill's children and grandchildren in equal undivided interests as directed by Perry Reese McNeill. This deed was executed and acknowledged by Davis in the presence of McNeill and his wife and with their knowledge and consent entrusted to Davis' secretary with instructions to retain the deed until a trust indenture was prepared or the minor child attained her majority. The deed from McNeill to Davis was then recorded. After Vey McNeill reached the age of eighteen years, the deed from Davis, Trustee, to the children and grandchildren of Perry Reese McNeill was recorded. Substantially the same information with reference to the transactions between Mr. Davis and Mr. McNeill are found in the affidavit of Elfreida McNeill.

No affidavits relating the facts and circumstances surrounding this transaction were filed by the plaintiff. She did propound interrogatories to Davis which were answered and are found in the transcript. She asserts that answers to some of these interrogatories establish that the deed from McNeill to Davis was executed without consideration and that the land transferred to Davis was not intended as a gift to Davis. It is her contention that these facts establish that the deed was a nullity and should have been set aside.

In a summary judgment proceeding, the trial court will consider the entire record in order to determine whether or not issues of fact are present. The movant must demonstrate by the summary judgment record, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Houston Crane Rentals, Inc., v. City of Houston*, 454 S.W.2d 216 (Tex.Civ.App.-Houston [1st Dist.] 1970, writ ref. n.r.e.). When both parties move for summary judgment, each has the burden of establishing clearly his right to summary judgment, and neither can prevail because of the other's failure to discharge his burden. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85 (1954).

It is established by the summary judgment evidence that the deed from McNeill to Davis and the deed from Davis to McNeill's children and grandchildren were executed pursuant to an oral agreement establishing an express trust consisting of real property which was invalid by reason of the Texas Trust Act. *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985 (1948). The rule that such an express trust cannot be enforced is subject to an exception in cases where at the time of the transfer the transferee was in a confidential relationship to the transferor, and the conveyance was made in reliance on an oral promise to reconvey. Under these circumstances, if the transferee refused to reconvey, a constructive trust would arise in favor of the transferor because of the breach of the confidential relationship. *Mills v. Gray*, supra.

Where a confidential relationship exists between the grantor and the grantee and the conveyance is induced by the grantee's oral promise to convey to a third party, on refusal of the grantee to convey to such third party, the court will decree a constructive trust in favor of the intended beneficiary of the oral trust. Restatement of Restitution § 183 (1937); Restatement (Second) of Trust § 45 (1965); Bogert, Trusts & Trustees 2d ed., § 496 (1978); *Purcell v. Snowden*, supra at 142; *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401 (1960).

Mrs. Muhm is suing as a devisee under the will of Perry Reese McNeill and must recover in his right, if at all. The summary judgment evidence does not demonstrate that a trust, constructive or resulting, in favor of Perry Reese McNeill arose out of the conveyance from McNeill to Davis. There is neither pleading nor evidence to raise issues of fraud, duress, or mutual mistake. The trial court did not err in denying Mrs. Muhm's motion for summary judgment.

The rule is thoroughly settled "that a trust in land declared by parol only, although wholly unenforceable against the trustee, has yet enough of vitality, so that, if voluntarily executed by the trustee at any time, it will become validated as of the date of the original oral agreement . ." *Blaha v. Borgman*, 142 Wis. 43, 46, 124 N.W. 1047, 1048 (1910).

The seventh section of the English Statute of Frauds which was enacted in many American states commonly provides that trusts of land shall be "void and of no effect", unless manifested or proved by a writing. In these states the word "void" has been held to mean "unenforceable against the objection of the trustee." In Bogert, Trusts and Trustees 2d ed., § 69, the author says that the trustee in an oral trust is not forbidden to carry out his trust. He has a moral obligation to carry out his trust duties, and the performance of the oral trust is a legal and commendable act.

This approach to the problem has been adopted in the Restatement of the Law of Trusts, where the Rule is stated in these words:

Where an oral trust of an interest in land is created inter vivos, the trustee can properly perform the trust if he has not transferred the interest, although he cannot be compelled to do so.

Restatement (Second) of Trusts, supra § 43 at 112; See *McAdams v. Ogletree*, 348 S.W.2d 75 (Tex.Civ.App.-Beaumont 1961, writ ref. n.r.e.).

Mrs. Muhm insists that an issue of fact exists as to whether Perry Reese McNeill intended to create a trust by executing the deed to Cleveland Davis for the reason that after he signed the deed he executed a will in which he left "land which is situated in the T.B. Bell survey, Abstract 41" to his son Perry Reese McNeill and Mrs. Muhm. The deed conveyed "300 acres of land, more or less, in the T.B. Bell League, Abstract 41, Brazoria County, Texas." The will was drawn by Cleveland Davis, and after it was executed, the deed whereby Cleveland Davis conveyed the land to the children and grandchildren of McNeill was prepared and signed in McNeill's presence pursuant to his direction. There is nothing in the summary judgment evidence to show that the 300 acre tract of land was the only land owned by McNeill in the T.B. Bell League.

Mrs. Muhm asserts that the failure to pay a gift tax in connection with the conveyance of the 300 acre tract of land to Davis is also a circumstance sufficient to raise a fact issue preventing the granting of a summary judgment. Neither circumstance is sufficient to raise more than a surmise or speculation that McNeill intended to retain beneficial title to the land. No fact issue preventing the granting of a summary judgment was raised by this evidence.

The summary judgment evidence presents no issues of material fact and establishes as a matter of law an executed parol express trust. The trial court did not err in granting summary judgment that the plaintiff, Lolita McNeill Muhm, take nothing against the defendants, Cleveland Davis, Perry Reese McNeill, Jr., William Nelson McNeill and Vey Marguerite McNeill.

The judgment is affirmed.