**Jeanette WILKERSON, Appellant,**

v.

**Charlene McCLARY, Appellee.**

**No. 09 82 041 CV.**

Court of Appeals of Texas, Beaumont.

Feb. 3, 1983.

Rehearing Denied Feb. 24, 1983.

Kelly L. Newman, Lufkin, for appellant.

Sandra Roberts, Lufkin, for appellee.

DIES, Chief Justice.

This is an appeal from two (2) summary judgments declaring a total of four (4) inter vivos trusts invalid. The court entered findings of fact and conclusions of law regarding the four (4) aforementioned trusts, which form the bone of contention on appeal.

Appellant's first three (3) points of error will be discussed together because the trial court based its decision to hold the three (3) inter vivos trusts, discussed in those points, invalid on the same findings of fact and conclusions of law. We are confronted with "Dacey Trusts" involving real estate, stock, and household furnishings and personal effects. The instruments of record declare the settlor trustee of the aforementioned property to be held in trust for Jeanette Cowart Wilkerson. The beneficiary is also appointed as successor trustee upon settlor's "death *or legal incapacity*." (Emphasis added.) Said declarations of trust reserve unto the settlor extensive powers, and the successor trustee's only act upon the settlor trustee's death is to transfer the assets to herself, as beneficiary, free of the trust. The trial court based its decision that said

trusts are invalid on the proposition that when the trusts were created, a transfer or conveyance of the property did not occur, as was required, along with the declaration of trust, to pass equitable title to the beneficiary-successor trustee. Specifically, appellee's position is that the written declarations of trust executed by settlor are insufficient, standing alone, to uphold, the trusts; in order for the property in question to be transferred into trust, the following are alleged to have been required: settlor's execution of a deed on the real estate to herself as trustee, settlor's reissuance of the stock certificates to herself as trustee, and settlor's execution of a deed on the real property where the household furnishings and personal effects were stored, to herself as trustee. The landmark case of *Westerfeld v. Huckaby,* 474 S.W.2d 189 (Tex.1971), is cited to us by the court in his findings of fact and conclusions of law and by appellee in her brief.

The Texas Supreme Court first upheld a "Dacey Trust" in *Westerfeld v. Huckaby,* supra. Appellee contends that the basis of the court's holding was the combination of declarations of trust and quitclaim deeds in the conveyances. The gravamen of *Westerfeld* is not the deed and declaration of trust combination; rather, it is because the trusts contained a lifetime purpose that the court upheld them against the challenge of being sham trusts. Like the trust at bar, the successor trustee was to succeed the settlor trustee in the event of the settlor trustee's death or *incapacity.* (Emphasis added.) The language in *Westerfeld* indicates that the court did not rely on the quitclaim deeds as conveying the property into the trusts and therefore upheld the trusts.

In fact, Judge Pope, in writing for the Court said, "We granted the writ in this case upon points which urge that the extensive powers which the settlor reserved to herself made the trust declarations void, because they were illusory and testamentary in character and imposed no enforceable fiduciary duties upon anyone." 474 S.W.2d at 191. "Our question is whether Virginia B. Miller, dealing with her own property, could create valid trusts even though she

reserved in herself broad beneficial rights, as well as the right to revoke the trusts and the right to control or manage the acts of the trustee." 474 S.W.2d at 192. And so, while we have no deeds in the case at bar, our reservations are no more broad than in *Westerfeld.*

■ Bogert's view is cited that "the beneficiary receives a defeasible interest *at the time of the execution of the instrument.*" (Emphasis added.) 474 S.W.2d at 193. Also, the court points to provisions in the trust equivalent to language in the trusts at bar in declaring that the property in question was conveyed by the declarations of trust alone. The provision, "I hereby nominate and appoint as successor trustee ..." is noted as indicative of an act in praesenti; "hereby" is defined as "by this, or the present, declaration, action, document, etc.; by means of this; as a result of this...." 474 S.W.2d at 193. In discussing the declarations of trust further, the court states, "[A]fter designating ... as ... successor trustee, she conveyed her property, *in the same instrument* to herself...." (Emphasis added.) We feel that these statements show that the property at issue in a "Dacey Trust" can pass into the trust solely by declaration of trust, and that in this case it did.

■ *Tex.Rev.Civ.Stat.Ann., art. 7425b–7* (Vernon 1960), which sets forth the requisites of a trust, says that "[a]n express trust may be created by ... [a] declaration in writing by the owner of the property that he holds it as trustee for another...." An additional proviso regarding trusts consisting of real property declares them invalid, "unless created, established, or declared: [b]y a written instrument subscribed by the trustor ...; [b]y any other instrument under which the trustee claims the estate affected." It is clear that the settlor complied with *Art. 7425b–7* as to the stock and household furnishings and personal effects trusts. As to the real estate trust, case law indicates that constructive trusts can be engrafted upon deeds absolute on their face by parol evidence. *May v. Little,* 473

S.W.2d 632 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.); *Purcell v. Snowden,* 387 S.W.2d 138 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.). Inasmuch as a court is permitted to use its equitable powers to impose a trust on a deed based on parol evidence, it follows a court must be allowed to impose a trust based on more solid evidence such as a written and recorded declaration of trust on a deed.

Settlor had full title, legal and equitable, before the declarations of trust and parted with the equitable or beneficial title by said declarations. Settlor still retained legal title after making her declarations of trust, and so insofar as the real estate is concerned, the deed is consistent with the declaration of trust as to the real estate.

For the aforementioned reasons, these points are sustained; the trial court erred in holding the real estate, stock, and household furnishings and personal effects trusts invalid.

Appellant argues, in her fourth point of error, that the trial court erred in declaring a fourth (4th) inter vivos trust invalid. That trust involves "a checking/savings account located at Home Savings and Loan Association." Settlor had three (3) other accounts at the named institution and the bank's "Discretionary Trust Agreement" form was never signed by settlor trustee. The trial court concluded, in part:

"3.  A declaration of trust must identify with some degree of specificity that which is to constitute the res of the trust;

"4.  In the instant case, that which was to constitute the res of the trust was not described or identified with *any* degree of specificity...."

Appellant argues that the Declaration of Trust's lack of specificity as to which account or accounts are to be held in trust is indicative of settlor's intent to transfer any and all accounts to the beneficiary. Appellant reasons that "[i]f the settlor did not intend for all of her accounts to be held in trust for the beneficiary, then surely she would have specified which account or accounts were included so as not to include the remaining accounts."

A declaration of trust requires certainty in its material terms, including the subject matter or property embraced by the trust. *Kurtz v. Robinson,* 279 S.W.2d 949, 952 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.). And an express trust will fail for want of certainty if the declaration of trust is not reasonably certain in its material terms, including identification of property covered by the trust. *City of Wichita Falls v. Kemp Public Library,* 593 S.W.2d 834, 836 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

The declaration of trust at bar proclaims settlor to be the owner of "a checking/savings *account* in the Home Savings and Loan Association ... in Lufkin" and that settlor "will hold said bank *account* ... in trust for" the named beneficiary. (Emphasis added.) Settlor spoke in singular form when discussing the property in question; therefore, we conclude that the settlor intended only one (1) of the four (4) accounts she had at the named institution as the trust res. However, there was not any way for the trial judge to ascertain which one (1) of the four (4) existing accounts settlor intended as the trust res. The bank account trust fails for lack of certainty; the trial court did not err in holding this trust to be invalid. This point of error is overruled.

The judgment of the trial court is reversed and rendered as to the trusts of the real estate, stock, household furnishings and personal effects, and these trusts are declared valid. The judgment of the trial court concerning the bank account trust is affirmed.

REVERSED and RENDERED in part; AFFIRMED in part.