Opinion issued on June 17, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00302-CV




CATHERINE P. SCHADE, Appellant

V.

CATHERINE ANGELINA RHODES, Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 02CV0067




MEMORANDUM OPINION
          Catherine P. Schade filed suit against her daughter, Catherine Angelina
Rhodes, to establish Schade’s ownership of certain improved real estate and to
remove a cloud on her title to a parcel of real property located in Galveston County. 
In a bench trial, the trial court found that the recorded instruments established
Rhodes’s disaffirmance of the reconveyance to Schade, rendered judgment quieting
title to the property in Rhodes, and awarded Rhodes $4,400 in attorney’s fees. In
three issues, Schade contends that the trial court erred in (1) refusing to allow her to
introduce any evidence, (2) finding an effective disaffirmance of a conveyance by a
minor, and (3) awarding attorney’s fees to Rhodes. We reverse and remand.
Background
          After hearing opening arguments, the trial court considered the “stipulated
instruments” but did not allow Schade, the plaintiff, to introduce any testimony in
support of her case. The “stipulated” instruments were never formally admitted at
trial. The trial court did, however, allow Rhodes’s attorney to testify in support of the
award of attorney’s fees. The trial court then closed the record. The trial court made
the following findings of fact and conclusions of law:
Findings of Fact 
 
1. In or around 1989 Catherine Schade, Plaintiff and Counter-Defendant, (hereinafter “Schade”) purchased a certain tract or
parcel of land in Galveston County, Texas . . . (hereinafter “the
property”).
 
2. On June 25, 1992, Schade conveyed title to the property to her
minor daughter, Catherine A. Rhodes, Defendant & Counter-Plaintiff (hereinafter “Rhodes”), by virtue of a Quit Claim deed. 
It is undisputed that Catherine Angelina Rhodes was born on
August 24, 1977, and was a minor at the time of this conveyance. 
 
3. Another Quit Claim deed to the property was executed by
Rhodes, still a minor, on November 7, 1993. This second Quit
Claim deed purported to transfer the property from the minor
daughter back to Schade. It is undisputed that on the date that
Rhodes conveyed the property to her mother, November 7, 1993
Ms. Rhodes was 16 years old.
 
4. On January 29, 1996, while Rhodes was 18 years old, she
disaffirmed the execution of the November 7, 1993 Quit Claim
deed. Rhodes filed a Notice of Disaffirmance of Execution of
Deed in the real property records of Galveston County setting out,
among other things, that the deed was executed while Rhodes was
a minor and that it was being disaffirmed. 
 
5. The quit claim deed conveying the property from Schade to
Rhodes is unambiguous, and Schade did not allege any fraud or
ambiguity in the conveyances [that] made the basis of this
lawsuit.
 
6. This Court must interpret the deeds at issue as a matter of law,
and finds that the conveyances can be given a definite legal
meaning. The court further finds that the deeds at issue are not
reasonably susceptible to more than one meaning. 
 
7. [$4,400] are reasonable and necessary attorneys fees incurred by
Rhodes in this matter. 

The Conclusions of Law
 
1. The Court concludes that Schade conveyed the property to her
minor child, Rhodes, and that this original conveyance of the
property from Schade to Rhodes on June 25, 1992 by quit claim
deed was valid and enforceable. 
 
2. Regardless of why Ms. Schade conveyed the property to her
minor daughter, she is not now entitled to claim her original
conveyance to her daughter was without effect.
 
3. The November 7, 1993 Quit Claim deed, with Rhodes as Grantor,
was voidable by Ms. Rhodes at her election or instance because
Rhodes was 16 years old at the time of this conveyance.
 
4. The November 7, 1993 Quit Claim deed conveyance of the
property from Rhodes to Schade was voided when Rhodes filed
her Notice of Disaffirmance on January 29, 1996.
 
5. The Quit Claim deed dated November 7, 1993 signed by
Catherine Angelina Rhodes as grantor . . . is invalid and of no
force and effect.
 
6. Rhodes is vested with fee simple interest in the property.
 
7. Therefore, the title to the following described real property is
quieted in Catherine Angelina Rhodes: That certain tract or parcel
of land in Galveston County, Texas described as Lots of Twenty-Three (23) and Twenty-Four (24) in the special subdivision of the
northeast block of outlot 159, according to the map thereof
recorded in volume 178, page 415, in the office of the county
clerk of Galveston County, Texas and being the same property
conveyed by a Quit Claim deed dated June 25, 1992 and recorded
at film code XXX-XX-XXXX of the deed records of Galveston
County, Texas. 
 
8. Schade is indebted to Rhodes for the sum of [$4,400], with
postjudment interest thereon at the rate of 10% per annum from
the March 19, 2003 until paid as attorney’s fees. 

Parol Evidence
          In her first issue, Schade contends that, because of its misapplication of the
parol evidence rule, the trial court erred in refusing to allow her to introduce any
evidence.
           We review a trial court’s decision to admit or exclude evidence under an abuse
of discretion standard. Jackson v. Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983).           Parol evidence is not admissible to vary the terms of an unambiguous
document. Massey v. Massey, 807 S.W.2d 391, 405 (Tex. App.—Houston [1st Dist.]
1991, writ denied). It is for the court to construe an unambiguous document as a
matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). The courts will
give effect to the intention of the parties as is apparent in an unambiguous writing. 
City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex. 1968);
Massey, 807 S.W.2d at 405. When a writing is intended as a completed memorial of
a legal transaction, the parol evidence rule excludes other evidence of any prior or 
contemporaneous expressions of the parties relating to that transaction. Muhm v.
Davis, 580 S.W.2d 98, 101 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref’d
n.r.e.). The rule applies only to operative legal transactions and not recitals of fact,
such as past consideration received. Miller v. Kendall, 804 S.W.2d 933, 940 (Tex.
App.—Houston [1st Dist.] 1990, no writ). Parol evidence is always competent to
show the nonexistence of a contract or the conditions upon which the contract may
become effective. Muhm, 580 S.W.2d at 101.  
          Further, fundamental fairness dictates that a party not be arbitrarily deprived
of the right to offer any evidence. Striedel v. Striedel, 15 S.W.3d 163, 166 (Tex.
App.—Corpus Christi 2000, no pet.). Such action by the trial court will amount to
an abuse of discretion warranting reversal. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985).
          Schade argues that an inquiry regarding the effectiveness of Rhodes’s notice
of disaffirmance did not invoke the application of the parol evidence rule because that
inquiry did not involve varying the terms of a writing, but rather, it addressed whether
Rhodes’s disaffirmance was legally effective. Rhodes responds that no parol
evidence is needed to decide whether a deed to a minor was void as a matter of law,
and Schade did not plead any fatal flaw or fallacy that nullified the original quitclaim
deed. 
          Although Schade concedes that she erroneously alleged that her original
quitclaim deed to Rhodes was a void conveyance to her minor daughter, she also
alleged in her pleadings that Rhodes’s notice of disaffirmance placed a cloud on
Schade’s title. 
          Evidence of an agreement’s effectiveness is admissible parol evidence;
therefore, parol evidence regarding Rhodes’s notice of disaffirmance was admissible. 
See Muhm, 580 S.W.2d at 101. Although the trial court allowed opening arguments,
it did not allow the admission of any evidence beyond the recorded instruments.


 The
trial court erred in refusing to allow Schade to introduce evidence regarding the legal
effectiveness of Rhodes’s disaffirmance.


 
          We sustain Schade’s first issue. Accordingly, we do not reach Schade’s second
and third issues.
Conclusion
          We reverse the trial court’s judgment and remand the cause for further
proceedings.
 
 

                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.