*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00600-CV

Pete **ROZELLE**, Jr.,
Appellant

v.

Barbara K. **FELLOWS**, David Brock, and E. Edd Pritchett,
Individually and as Trustee,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 06-007
Honorable Stephen B. Ables, Judge Presiding

Opinion by:  Catherine Stone, Justice

Sitting:  Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:  November 5, 2008

AFFIRMED

Pete Rozelle, Jr. appeals the trial court's orders granting summary judgment in favor of

Barbara K. Fellows, David Brock, and E. Edd Pritchett and declaring that Fellows and Brock are the

owners of a tract of land in Kendall County.  Because Rozelle's claim of ownership as the alleged

beneficiary of an alleged express trust is barred by the statute of frauds, we affirm the trial court's

orders.

**BACKGROUND**

In 1975, Erma Rozelle conveyed a tract of land in Kendall County to Fellows (the "Boerne Property"). In 1977, Fellows conveyed the Boerne Property to "E. Edd Pritchett, Trustee." Erma died in 1995. In 2004, Pritchett conveyed the Boerne Property to Fellows and Brock. Rozelle is Erma's grandson.

The procedural history of the underlying litigation, including the consolidation of lawsuits, presents somewhat of a quagmire. For purposes of this opinion, however, we need only focus on the claim by Fellows and Brock seeking a declaration of their ownership of the Boerne Property. In opposition to this claim, Rozelle asserted rights as an alleged beneficiary of an alleged express trust for which Pritchett was trustee when the Boerne Property was conveyed to him. The trial court granted summary judgment in favor of Fellows, Brock, and Pritchett, and Rozelle appeals.

**STANDARD OF REVIEW**

Fellows and Brock filed a motion for a traditional summary judgment, while Pritchett filed a motion for both a traditional and no evidence summary judgment. We review both traditional and no evidence summary judgments *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We consider the evidence in the light most favorable to the non-movant and indulge all reasonable inferences and resolve any doubts in the non-movant's favor. *Id*. at 157. We will affirm a traditional summary judgment only if the movant established there are no genuine issues of material fact and it is entitled to judgment as a matter of law on a ground expressly set forth in the motion. *Id*. We will affirm a no-evidence summary judgment only if the non-movant fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact on a

challenged element of the cause of action. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## DISCUSSION

At the time the Boerne Property was conveyed to Pritchett as trustee, the Texas Trust Act provided:

> A trust in real property is invalid unless the trust is established by an instrument:
> (1)      that is signed by the trustor or by an agent of the trustor who has written authority to sign for the trustor; or
> (2)      under which the trustee claims the trust estate.

Act of May 26, 1983, 68th Leg. R.S. ch. 576, § 1, 1983 Tex. Gen. Laws 3658 (re-codifying article 7425b-7 of the Texas Civil Statutes without any substantive change in the law). The effect of the statute is to prohibit the creation of an express parol trust in realty. *Klein v. Sibley*, 203 S.W.2d 239, 243-44 (Tex. Civ. App.—San Antonio 1947, no writ). Although Rozelle asserted in his response to the motions for summary judgment that a trust instrument existed at one time but was lost, Rozelle's brief focuses on whether a genuine issue of material fact was raised with regard to the existence of an enforceable oral trust.[1]

The first exception to the statute of frauds defense relied upon by Rozelle is the proposition that "the statute of frauds applies to executory trusts" and "any partial or full performance takes [a trust] out of the statute of frauds." Neither of the cases cited by Rozelle supports the application of this exception in this case.

---

[1] Both of the appellees' briefs contend that Rozelle's response to the motions for summary judgment failed to raise the exceptions to the statute of frauds asserted in his brief. Although raised in the portion of the response requesting the imposition of a constructive trust, the response does refer to the exceptions addressed in Rozelle's brief. Any confusion about what issues Rozelle was expressly presenting would have needed to be resolved by an exception, and the record does not reflect that any such exception was made. *See McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

In *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 584-85 (Tex. App.—Houston [14th Dist.] 2000, no pet.), Burge orally agreed to pledge a certificate of deposit ("CD") as additional security for a loan to H & H. At the closing of the loan, Burge signed an "Owner's Consent to Pledge" (the "Pledge") the CD as additional security. *Id*. at 584-85. When H & H subsequently sued Burge for breaching his agreement to pledge the CD as security, Burge asserted that the claim was barred by the statute of frauds which requires a promise to pay the debt of a third party to be in writing. *Id*. at 595. Although no written agreement to act as surety was signed by Burge, H & H argued that Burge fully performed his oral agreement to pledge the CD by signing the Pledge. *Id*. Noting that the statute of frauds does not apply to a fully executed contract, the court held that the statute of frauds was not applicable because Burge had fully performed his oral promise by executing the Pledge. *Id*. Unlike *Burge*, no evidence was presented in this case that Pritchett executed any document recognizing that Rozelle was a beneficiary of a trust for which Pritchett was the trustee.

The second case cited by Rozelle is *Pappas v. Gounaris*, 301 S.W.2d 249, 254-55 (Tex. Civ. App.—Galveston 1957), *rev'd and reformed,* 311 S.W.2d 644 (Tex. 1958). Ignoring for the moment that the Texas Supreme Court reversed the appellate court with regard to the analysis in its opinion relied upon by Rozelle, in *Pappas*, the issue before the appellate court was whether the statute of frauds, which requires a partnership agreement to be in writing, prevented Bell from claiming that certain property was partnership property. 301 S.W.2d at 254. The appellate court noted that the two partners, Bell and Pappas, had dissolved the partnership, agreeing that Pappas would retain the property and would give Bell a note secured by a deed of trust lien against the property. *Id*. The appellate court held that by executing the note and deed of trust, Pappas recognized the existence of Bell's interest in the property and the partnership agreement became a fully executed agreement. *Id*.

Even assuming this analysis survived the subsequent reversal by the Texas Supreme Court, the case is clearly distinguishable from the instant case because Pritchett never executed any document recognizing Rozelle as a beneficiary of a trust for which Pritchett was the trustee.

Unlike *Burge* and *Pappas*, the only document in this case is the deed to Pritchett as trustee. The use of the word "trustee" in a deed, in and of itself, however, does not create a trust; it is merely a description and of no legal effect. *Nolana Dev. Ass'n v. Corsi*, 682 S.W.2d 246, 249-50 (Tex. 1984); *McAnally v. Friends of WCC, Inc.*, 113 S.W.3d 875, 882 (Tex. App.—Dallas 2003, no pet.); *Fred Rizk Const. Co. v. Cousins Mortgage & Equity Invs.*, 627 S.W.2d 753, 757 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). In his reply brief, Rozelle contends that the deed is sufficient to create a trust in this case based on the holding in *Neeley v. Intercity Mgmt. Corp.*, 623 S.W.2d 942 (Tex. App.—Houston [1st Dist.] 1981, no writ). The court in *Neeley*, however, expressly distinguished the facts in the instant situation from the facts present in that case noting:

> In our case DPC assigned the property to DPC, Trustee; a situation in which A conveys to B, trustee, is not the same situation in which A conveys to A, trustee. While the former example is susceptible to construction as descriptio personae, the latter is less so. In the absence of evidence tending to show that no trust was intended, it is illogical to assume that A would convey to A, trustee, if his intent merely was to retain the title he already possessed. Moreover, when the grantor and the grantee are the same entity except for the use of the word describing the grantee's capacity, it is not reasonable to say that the descriptive word was used merely to identify or point out the person intended.

623 S.W.2d at 948. The court then held that the legal test for the existence of a trust was met by the use of the term "trustee" in the deeds in addition to all of the following evidence: (1) testimony by an attorney with regard to the purpose in making the deeds to DPC, Trustee; (2) numerous investment agreements; (3) payment by the investors, whose interest the deeds sought to protect, of the consideration called for in the investment agreements; (4) the actual conveyance of the subject

property to a named trustee; and (5) the fact that DPC was an operating company for the benefit of the various investors. *Id*. Rozelle seeks to compare these facts to those of the instant case arguing that in addition to the deed to Pritchett as trustee, there is evidence that Pritchett assumed trustee powers and asserted authority as trustee, paid himself trustee fees, and made reference to the Rozelle Family Trust. Even apart from the fact that this case involves "a situation in which A convey[ed] to B, trustee" which the *Neeley* court itself distinguishes, we disagree that the additional facts presented apart from the deed are comparable.

In order to create a trust, there must be reasonable certainty as to the property, the purpose or object, and the beneficiary. *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988); *In re Estate of Berger*, 174 S.W.3d 845, 848 (Tex. App.—Waco 2005, no pet.); *Hubbard v. Shankle*, 138 S.W.3d 474, 484-85 (Tex. App.—Fort Worth 2004, pet. denied); *McAnally*, 113 S.W.3d at 882; *Fred Rizk Const. Co.*, 627 S.W.2d at 757. In *Neeley*, the testimony by the attorney established the object or purpose of the trust and the investment agreements and nature of DPC's operations established the beneficiaries with reasonable certainty. In this case, no evidence was presented of any document or circumstances that provided reasonable certainty as to the purpose/object or beneficiary of any intended trust. Moreover, the record is void of any evidence describing Pritchett's duties and responsibilities as trustee. *Corsi*, 682 S.W.2d at 249.

Finally, Rozelle cites *Muhm v. Davis*, 580 S.W.2d 98 (Tex. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), in support of the following contention, "Once outside the statute of frauds because the oral trust involving real property has been partially or fully executed, the question then is whether a beneficiary can establish the terms of that express trust by parol. The answer is yes under the

holding of [*Muhm*]." In *Muhm*, Perry Reese McNeill conveyed certain land to "Cleveland Davis, Trustee." 580 S.W.2d at 100. "Cleveland Davis, Trustee" later conveyed the land to five grantees. *Id*. The plaintiff in *Muhm* sought to set aside the deed to Davis as an invalid attempt to create an express parol trust and asserted that the second deed also should be set aside because it was executed for the purpose of carrying out the invalid trust. *Id*. The evidence presented in *Muhm*, including the testimony of Davis, the attorney who prepared the deed, and McNeill's wife, established that McNeill conveyed the property to Davis, as trustee, pursuant to an oral agreement that Davis would reconvey the property to McNeill's three grandchildren and two children when his youngest grandchild turned eighteen. *Id*. at 102. After acknowledging the general rule that an oral agreement establishing an express trust is invalid, the court held, "The rule that such an express trust cannot be enforced is subject to an exception in cases where at the time of the transfer the transferee was in a confidential relationship to the transferor, and the conveyance was made in reliance on an oral promise to reconvey." *Id.* at 103. Unlike the evidence presented in *Muhm*, however, there is no evidence in this case that the conveyance to Pritchett was made in reliance on an oral promise to reconvey the Boerne Property to anyone. As a result, the exception applied in *Muhm* is not applicable in this case.

The only other exception to the statute of frauds raised by Rozelle is his contention that equity will not permit the statute of frauds to be invoked where the result would be to perpetuate a fraud. Other than stating this general rule, the sum total of Rozelle's argument in reliance on this exception is the following sentence, "The record is clear that the parties who rely on the statute of frauds to bar Rozelle from establishing his interests in the Rozelle Family Trust seek to perpetuate a fraud of immense proportion against the trusts, and, after having undertaken such a fraud, defend

themselves against it by asserting the statute of frauds." This argument, however, is based on the faulty premise that a trust of which Rozelle was a beneficiary ever was created. Because the record is void of any evidence that such a trust was created, Rozelle's argument fails.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Justice