BENCHMARK BANK, Appellant,

v.

STATE FARM LLOYDS, Appellee.

No. 05–93–01970–CV.

Court of Appeals of Texas,
Dallas.

Dec. 29, 1994.

Robert D. Lybrand, Dallas, for appellant.

Armando De Diego, Dallas, for appellee.

Before BAKER, OVARD and MORRIS, JJ.

## OPINION

MORRIS, Justice.

This is a summary judgment case involving only a question of law because the summary judgment evidence establishes undisputed facts. The legal issue we consider is whether payment of drafts made out jointly to two payees, one of whom allegedly forged the other payee's endorsement and presented the drafts for payment, discharges the drawer's obligation to the payee who had its signature forged. We conclude under the circumstances of this case that the drawer's obligation is discharged as a matter of law. Therefore, we affirm the trial court's judgment.

### FACTUAL BACKGROUND

Benchmark Bank was the owner and holder of a note signed by Steven and Juanita Calderon. A deed of trust lien on the Calderon property, which was their home, secured payment of the note. On December 16, 1991, State Farm Lloyds issued a one-year homeowners insurance policy covering the Calderons' home. The insurance policy named Benchmark as mortgagee. On March 22, 1992, a fire seriously damaged the Cal-

deron house. The Calderons filed a $38,-736.33 loss claim with State Farm.

State Farm issued its first draft on the claim, jointly payable to the Calderons and Benchmark, for $13,275.00. State Farm sent the draft to the Calderons. The Calderons endorsed their names and allegedly forged Benchmark's endorsement. They deposited the draft for collection on April 8, 1992. The Calderons similarly endorsed a second jointly payable draft for $4,861.90 and deposited it on June 4, 1992. Both drafts were honored and paid. The proceeds were credited to the Calderons' bank account.

Benchmark notified State Farm of the alleged forgeries and requested that State Farm send future drafts directly to Benchmark. Nevertheless, State Farm issued a third draft, jointly payable to the Calderons and Benchmark, for $4,587.34. The Calderons purportedly forged Benchmark's endorsement and also deposited this draft. State Farm issued its final draft for $1,287.50. State Farm sent this draft directly to appellant.[1]

The Calderons abandoned the property after collecting the proceeds of the drafts. Benchmark was unable to locate the Calderons. Benchmark stated it foreclosed its lien on the Calderon property and purchased the property at the resulting trustee's sale.

Benchmark filed suit against State Farm. It claimed State Farm did not fulfill its obligation under the insurance policy to pay the casualty loss to it as mortgagee. State Farm countered that it paid all amounts due under the insurance policy. Both parties moved for summary judgment. The trial court denied Benchmark's motion for summary judgment and granted State Farm's motion. The trial court's order did not state the reason it granted State Farm's motion for summary judgment. Benchmark appealed the trial court's judgment granting State Farm's motion for summary judgment and the trial

court's refusal to grant its cross-motion for summary judgment.[2]

## DISCUSSION

■ The standard for reviewing a motion for summary judgment is well established. *Nixon v. Mr. Property Management. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also* Tex.R.Civ.P. 166a. When both parties move for summary judgment, each must carry its own burden of proof. *International Union United Auto. Aerospace & Agric. Implement Workers of Am. Local 119 v. Johnson Controls, Inc.*, 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). That burden is to show an entitlement to summary judgment as a matter of law by conclusively proving all the elements of the cause of action or defense. *Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex.1984). Neither party can prevail simply because the other party fails to meet its burden. *International Union*, 813 S.W.2d at 563.

■ Because both parties moved for summary judgment, we review the evidence accompanying both motions to decide whether the trial court should have granted either motion. *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 200 (Tex.App.—Dallas 1993, no writ). When a movant asserts multiple grounds for summary judgment, and the order does not state the theory upon which the trial court based judgment, the non-movant must show on appeal the failure of at least one element of each theory asserted. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *International Union*, 813 S.W.2d at 565.

Benchmark's motion for summary judgment asserted that State Farm failed and refused to pay the sums due under the Calderons' insurance policy. Benchmark did not allege in its pleadings that State Farm was negligent in any way. Benchmark claimed the policy terms directed State Farm to

---

1. This draft has not been presented for payment. Benchmark stated at submission this draft is still in its possession and its payment is not in issue. Although the total amount of the four drafts is less than the claim, the parties also concede the amount owed is not in issue on appeal.

2. Benchmark also argued State Farm's supplemental motion for summary judgment, filed after the summary judgment hearing, offered no basis for affirming the trial court's judgment. State Farm conceded this point at submission, and consequently we do not consider it.

make all payments to it because it had foreclosed its lien on the Calderons' property.[3] Conversely, State Farm's motion for summary judgment asserted it fulfilled its obligations under the insurance policy because it made payment to either the Calderons or Benchmark, or both, for the casualty loss. State Farm further argued it is not liable for the Calderons' alleged criminal act of forging Benchmark's endorsement on the drafts.

The parties did not dispute there was a casualty loss, nor that the insurance policy obligated State Farm to pay for the loss. State Farm processed the Calderons' claim and issued drafts for the covered loss to Benchmark and the Calderons jointly. Unquestionably, State Farm had to decide to which party it should send the drafts. Benchmark disputed the correctness of State Farm's decision to send the drafts to the Calderons. The insurance contract, however, did not compel State Farm to determine which party was entitled to the proceeds of the claim.[4] *Cf. Great Am. Reserve Ins. Co. v. Sanders,* 525 S.W.2d 956, 959 (Tex.1975).

■ The summary judgment evidence shows State Farm issued several drafts to pay the insurance claim. Where a party takes a draft in payment for an underlying obligation, the obligation is suspended *pro tanto* until the party presents the draft for payment. TEX.BUS. & COM.CODE ANN. § 3.802(a)(2) (Vernon 1994). Honor of the draft when presented discharges the obligor on the underlying obligation. *Id.* Payment to and possession of a draft by one joint payee is constructive possession by the other joint payee. *Stone v. First City Bank,* 794 S.W.2d 537, 542 (Tex.App.—Dallas 1990, writ denied). The party possessing the draft holds the draft for the benefit of himself and the other payee. *Id.* Although the Calderons were the joint payees who received the drafts, Benchmark has an equitable lien on the proceeds of the insurance claim represented by the drafts. *Cf. Guarantee Ins. Co. v. First Nat'l Bank,* 552 S.W.2d 855, 858 (Tex.Civ.App.—Tyler 1977, writ dism'd).

Benchmark argues its actual endorsement was necessary to discharge State Farm's obligation because the draft was payable to more than one payee jointly and not in the alternative. *See* TEX.BUS. & COM.CODE ANN. § 3.116(2) (Vernon 1994); *Longview Bank & Trust Co. v. First Nat'l Bank,* 750 S.W.2d 297, 299 (Tex.App.—Fort Worth 1988, no writ). Benchmark claims that because the Calderons allegedly forged its endorsement, State Farm's payment obligation has not been discharged. Under the undisputed facts presented, we disagree.

■ The issue is not whether the Calderons properly obtained Benchmark's endorsement or forged the endorsement. Nor is the issue whether a bank in the chain of collection improperly paid the drafts. The rights existing between Benchmark and the Calderons or between Benchmark and another bank are not in issue in this case. The issue here is whether State Farm discharged its obligation when drafts it issued to proper payees jointly, bearing apparent endorsements by those payees, were honored when presented by one of the payees. Benchmark has not alleged State Farm was negligent in making the drafts jointly payable, in delivering the drafts to the Calderons, or in authorizing payment of the drafts when presented. Assuming the Calderons forged Benchmark's endorsement, Benchmark's recourse under the undisputed facts is not against State Farm. Under the pleadings and facts of this case, State Farm is not liable to Benchmark based on the forgery of Benchmark's endorsement. The summary judgment evidence shows the drafts delivered to the Calderons were honored and paid. We hold State Farm discharged its duty to make payment under the insurance policy.

---

**3.** We are unable to determine from the record when the foreclosure occurred. Benchmark did not offer any summary judgment evidence to substantiate its claim that it had foreclosed on the Calderon property. We do not consider, therefore, whether State Farm should have paid the claim to Benchmark by virtue of any foreclosure on the deed of trust.

**4.** The insurance policy states State Farm "will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear." It is undisputed that the drafts named Benchmark, the mortgagee, as a joint payee. The insurance contract is silent, however, about whether a draft is to be sent to the insured or to the mortgagee.

We conclude Benchmark Bank did not establish its right to summary judgment as a matter of law. We conclude State Farm Lloyds established its right to summary judgment as a matter of law. *See Gibbs,* 450 S.W.2d at 828. We overrule Benchmark's points of error.

We affirm the trial court's judgment.