


# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

LAURAL LAND MEMORIAL PARK, INC., LITTLE BETHEL MEMORIAL PARK, INC., RESTLAND OF DALLAS, INC., and ROSELAWN MEMORIAL GARDENS, INC. Appellants

No. 05-94-01668-CV      V.

DALLAS CENTRAL APPRAISAL DISTRICT, DALLAS CENTRAL APPRAISAL DISTRICT APPRAISAL REVIEW BOARD, and FOY MITCHELL, JR., Appellees

Appeal from the 160th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. 92-10665-H).
Opinion delivered by Justice Morris, Justice Devany participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that dedicated cemetery property is exempt from the assessment of ad valorem taxes. After all costs of this appeal have been paid, the clerk of the district court is directed to release the balance of the cash deposit in lieu of cost bond to Laurel Land Memorial Park, Inc.

Judgment entered October 20, 1995.

JOSEPH B. MORRIS
JUSTICE

**REVERSE and RENDER and Opinion Filed October 20, 1995**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-94-01668-CV

## LAUREL LAND MEMORIAL PARK, INC., LITTLE BETHEL MEMORIAL PARK, INC., RESTLAND OF DALLAS, INC., and ROSELAWN MEMORIAL GARDENS, INC., Appellants

V.

## DALLAS CENTRAL APPRAISAL DISTRICT, DALLAS CENTRAL APPRAISAL DISTRICT APPRAISAL REVIEW BOARD, and FOY MITCHELL, JR., Appellees

On Appeal from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 92-10665-H

# OPINION

Before Justices Baker[1], Morris, and Devany
Opinion By Justice Morris

This summary judgment case presents an unanswered question of law. We decide

whether publicly dedicated cemetery property is exempt from ad valorem taxation even

---

[1] The Honorable James A. Baker, Justice, participated in this cause at the time it was submitted for decision. Due to the appointment of Justice Baker to the Texas Supreme Court on October 3, 1995, he did not participate in the issuance of this opinion.

though a corporation organized to make profit owns the property. We conclude the property is exempt from taxation.

In four points of error, Laurel Land Memorial Park, Inc., Little Bethel Memorial Park, Inc., Restland of Dallas, Inc., and Roselawn Memorial Gardens, Inc., appealed a summary judgment granted in favor of the Dallas Central Appraisal District, Dallas Central Appraisal District Appraisal Review Board, and Foy Mitchell, Jr.[2] The Cemeteries filed suit to challenge the District's decision to assess ad valorem taxes on the Cemeteries' publicly dedicated cemetery property. The trial court rendered judgment in favor of the District after all parties filed cross-motions for summary judgment and made extensive stipulations of fact. The trial court's judgment subjected the Cemeteries' dedicated cemetery property to ad valorem taxation.

In deciding the Cemeteries' appeal, we conclude first that dedicated cemetery property is statutorily exempt from ad valorem taxation by the Texas Health and Safety Code. That decision, in turn, leads us to conclude that publicly dedicated cemetery property is not "held for profit" as contemplated by the Texas Tax Code and, therefore, is also exempt under the tax code. Because we conclude the property involved in this case is exempt, we reverse the trial court's judgment and render judgment for the Cemeteries.

---

[2] For clarity, appellants will be referred to as the "Cemeteries" and appellees will be referred to as the "District."

## FACTUAL BACKGROUND

The Cemeteries own and operate perpetual care cemeteries, which are comprised of distinct categories of land. The Cemeteries own publicly dedicated land used or to be used exclusively for human burial. The Cemeteries also own undedicated land, which is not intended to be used for interment purposes. The only property at issue in this case is the first category: publicly dedicated cemetery property used or to be used exclusively for human burial.

Before 1992, the District granted exemption from taxation to the Cemeteries for their publicly dedicated cemetery property in which at least one interment had taken place or at least fifty percent of the burial spaces had been sold even if there had not yet been an interment. But in 1992, the District ended its practice of exempting dedicated cemetery property from taxation if a corporation chartered and organized for profit owned the land and operated the cemetery. The Cemeteries fit this description. The District then assessed ad valorem taxes on all of the Cemeteries' property. The District did not assess ad valorem taxes on other publicly dedicated cemetery property if a non-profit corporation owned the property.

After unsuccessfully protesting the District's tax notices for their publicly dedicated cemetery property, the Cemeteries appealed the review board's decisions to the district court. There the Cemeteries alleged nine causes of action. In one of the causes of action, the Cemeteries alleged that the Texas Health and Safety Code exempts dedicated cemetery

property from taxation, regardless of the cemetery owner's corporate character.

The District and the Cemeteries filed cross-motions for summary judgment based upon stipulated facts. The District's motion for summary judgment asserted that, because the parties stipulated to the value of the dedicated property, the only question for the trial court was whether the law entitled the dedicated property to an exemption from ad valorem taxation. The District's position rested on its conclusion that the Cemeteries held their properties for profit and, therefore, under the Texas Tax Code, the property was not exempt from taxation. In their motion for summary judgment, the Cemeteries asserted the dedicated property was exempt from ad valorem taxation under the Texas Health and Safety Code. The trial court granted the District's motion for summary judgment in its entirety and denied the Cemeteries' motion for summary judgment in its entirety. The trial court rendered judgment to the effect that the Cemeteries' dedicated property is not exempt and, consequently, is subject to taxation. The Cemeteries perfected their appeal to this Court.

## DISCUSSION

We apply well-known standards when reviewing a motion for summary judgment. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *see also* TEX. R. CIV. P. 166a. When both parties move for summary judgment, each must carry its own burden of proof. *Benchmark Bank v. State Farm Lloyds*, 893 S.W.2d 649, 650 (Tex. App.--Dallas 1994, no writ). That burden is to show an entitlement to summary judgment as a matter of law by conclusively proving all the elements of the cause of action or defense.

-4-

*Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex. 1984). In this case, we review both the Texas Tax Code and the Texas Health and Safety Code, as well as the summary judgment record, to decide whether the trial court should have granted either motion. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). We necessarily address the nature and legal consequences of publicly dedicating property for use as a cemetery.

Cemeteries historically have received special favor under Texas law. *See Peterson v. Stolz*, 269 S.W. 113, 115-16 (Tex. Civ. App.--Beaumont 1925, writ ref'd). For example, land that a cemetery owner publicly dedicates is exempt from the exercise of eminent domain. *Sacred Gardens of Memory, Inc. v. State*, 334 S.W.2d 220, 222 (Tex. Civ. App.--San Antonio 1960, writ ref'd n.r.e.). Also, dedicated cemetery property is not subject to levy and execution. TEX. HEALTH & SAFETY CODE ANN. § 711.037(b) (Vernon Supp. 1995); *Oakland Cemetery Co. v. People's Cemetery Ass'n*, 93 Tex. 569, 575, 57 S.W. 27, 29 (1900). And, despite the long-standing antipathy against restraints on alienation, dedicated cemetery property is exempt from the rule against perpetuities. TEX. HEALTH & SAFETY CODE ANN. § 711.035(c) (Vernon Supp. 1995). The statute also makes it difficult for utilities to obtain easements through, over, or across any part of a dedicated cemetery. *Id.* § 711.035(d).

Exempting dedicated cemetery property from taxation is also an expression of society's interest in protecting and preserving places of burial. Texas recognizes this interest in its constitution and various statutes. In particular, the issue of taxability of cemetery property is expressly addressed in the Texas Constitution, the Texas Tax Code, and the

Texas Health and Safety Code.

The constitution authorizes the legislature to exempt from taxation public property and certain places of burial. It provides:

> [T]axes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes . . . [and] places of burial not held for private or corporate profit.

TEX. CONST. art. VIII, § 2(a).

The policy expressed in the constitution is found again in the Texas Tax Code. The tax code states:

> A person is entitled to exemption from taxation of the property he owns and uses exclusively for human burial and does not hold for profit.

TEX. TAX CODE ANN. § 11.17 (Vernon 1992). Under this provision of the tax code, property qualifies for tax exemption if it meets a two-part test. First, it must be used "exclusively for human burial." Second, it must not be held "for profit."

Additionally, the health and safety code grants "cemetery organizations" tax exemption for certain cemetery property that the organization publicly dedicates as cemetery property. A cemetery organization can be an unincorporated association of plot owners not operated for profit, provided its articles of association authorize it to conduct business for cemetery purposes. TEX. HEALTH & SAFETY CODE ANN. § 711.001(3)(A) (Vernon Supp. 1995). A cemetery organization also can be a corporation chartered either for profit or not for profit, provided its articles of incorporation authorize it to conduct business for cemetery

-6-

purposes. *Id.* § (3)(B). The health and safety code requires a cemetery organization to dedicate its property for interment purposes. *Id.* § 711.034. Once the cemetery organization publicly dedicates property for interment purposes, the cemetery organization's dedicated property is exempt from taxation under the health and safety code. Section 711.035 of the health and safety code states:

(a) Property may be dedicated for cemetery purposes, and the dedication is permitted in respect for the dead, for the disposition of remains, and in fulfillment of a duty to and for the benefit of the public.

(b) Dedication of cemetery property and title to the exclusive right of sepulture of a plot owner are not affected by the dissolution of the cemetery organization, nonuse by the cemetery organization, alienation, encumbrance, or forced sale of the property.

. . .

(e) All property of a dedicated cemetery, including a road, alley, or walk in the cemetery:

(1) is exempt from public improvements assessments, fees, and public taxation; and

(2) may not be sold on execution or applied in payment of debts due from individual owners and plots.

(f) Dedicated cemetery property shall be used exclusively for cemetery purposes until the dedication is removed by court order or until the maintenance of the cemetery is enjoined or abated as a nuisance under Section 711.007.

TEX. HEALTH & SAFETY CODE ANN. § 711.035 (Vernon Supp. 1995).[3] We note that the health and safety code requires dedicated property to be "used exclusively for cemetery purposes," which is similar to the condition imposed by the tax code where it requires property to be used "exclusively for human burial." The two code provisions in this regard are consistent.

Nevertheless, the apparent tension between the Texas Tax Code, which provides that cemetery property held for profit is not exempt from taxation, and the Texas Health and Safety Code, which provides for exemption of publicly dedicated cemetery property even if owned by a corporation chartered for profit, creates the central issue in this case: what is the effect of a public dedication of cemetery property for burial purposes by a cemetery organization chartered and organized to make a profit? Based upon the following analysis, we conclude the effect of public dedication is to qualify the property involved in this case for tax exemption under both the Texas Health and Safety Code and the Texas Tax Code.

A cemetery organization dedicates portions of its property for human burial by filing a public declaration of dedication with the county clerk. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.034(b) (Vernon Supp. 1995). The effect of publicly dedicating cemetery property is to commit the land to a public purpose different from any other land. *See Oak*

---

[3] We note that neither an unincorporated association operated for profit nor individual persons are covered by the health and safety code's provisions for dedicating cemetery property. Thus, neither an unincorporated association operated for profit nor an individual can qualify for tax exempt status under the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 711.034-.035 (Vernon Supp. 1995). Whether or not unincorporated associations operated for profit or individuals may be eligible for exemption under section 11.17 of the Texas Tax Code is beyond the scope of this opinion.

*Park Cemetery, Inc. v. Donaldson*, 148 S.W.2d 994, 998 (Tex. Civ. App.--Galveston 1940, writ dism'd judgm't cor.). Once a cemetery organization publicly dedicates property, the organization cannot use that property for any purpose other than for human burial. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.035. Moreover, once a cemetery organization dedicates property, the dedication may be removed only through judicial proceedings. *See id.* § 711.036. In effect, the dedication fixes the property's use. Thus, once dedicated, the property not only must be used "exclusively for cemetery purposes" as required by the health and safety code, but also must be used "exclusively for human burial" as contemplated by the tax code. Publicly dedicating cemetery property, therefore, not only satisfies the health and safety code's prerequisite for tax exemption, but also satisfies the first condition of the two-part test for tax exemption set forth in the tax code.

Once public dedication fixes the property's use, the dedication also causes the property not to be held "for profit," which is the second part of the tax code's test for tax exemption. It does so because public dedication of land for burial purposes effects an abandonment of the land's use and possession for all purposes other than burial. *See Smallwood v. Midfield Oil Co.*, 89 S.W.2d 1086, 1090 (Tex. Civ. App.--Texarkana 1935, writ dism'd); *see also Damon v. State*, 52 S.W.2d 368, 370 (Tex. Comm'n App. 1932, judgm't adopted). Once the property is dedicated, it cannot be sold or otherwise disposed of for any purpose other than burial. *State v. Forest Lawn Lot Owners Ass'n*, 152 Tex. 41, 48, 254 S.W.2d 87, 91 (1953). Dedicated property can no longer be a subject of any conveyance

or inheritance that might interfere with its use and possession as a burial ground. *Smallwood*, 89 S.W.2d at 1090; *see also Damon*, 52 S.W.2d at 370. Public dedication effectively takes the dedicated cemetery property out of the ordinary realm of commerce. *See Smallwood*, 89 S.W.2d at 1090. Once dedicated, the property is no longer the subject of trade and commerce. *Peterson*, 269 S.W. at 115.

Indeed, after public dedication, a corporate owner, such as the Cemeteries in this case, retains only the legal title to the dedicated property. Publicly dedicating the property ends the corporate owner's dominion over the land as the fee simple owner because the owner has the power to sell and convey only the right of burial. *Oakland Cemetery Co.*, 93 Tex. at 573-74, 57 S.W. at 28-29. Thus, once a cemetery owner publicly dedicates property for burial purposes, the property becomes appropriated fully and exclusively to the public purpose of burying the dead and for no other purpose. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.035(a) (Vernon Supp. 1995); *cf. Peterson*, 269 S.W. at 117. Merely because the property ultimately may be sold for more money than the owner paid for it does not mean the property is "held for profit." As a matter of law, the public dedication of property for cemetery purposes causes the property to be held for the sole purpose of burying the dead, regardless of whether the owner sells it for more than it paid for it.

We conclude that, regardless of the cemetery owner's corporate character, once cemetery property is dedicated as required by the Texas Health and Safety Code, it is no longer held for profit as contemplated by the Texas Constitution or section 11.17 of the

Texas Tax Code. *See* Tex. Const. art. VIII, § 2; Tex. Tax Code Ann. § 11.17 (Vernon 1992). Because the property is no longer held for profit and can be used only for human burial, it is exempt from ad valorem taxation as a matter of law. *See* Tex. Tax Code Ann. § 11.17 (Vernon 1992); Tex. Health & Safety Code Ann. § 711.035(e) (Vernon Supp. 1995).

The only issue before us is a question of law. Because there were cross-motions for summary judgment, the proper disposition is for us to render judgment for the party whose motion the trial court should have granted. Tex. R. App. P. 81(c); *see Jones*, 745 S.W.2d at 900. Accordingly, we reverse the trial court's judgment. We render judgment for the Cemeteries that the dedicated cemetery property is exempt from the assessment of ad valorem taxes.[4]

JOSEPH B. MORRIS
JUSTICE

Publish
Tex. R. App. P. 90
941668F.P05

---

[4] We base the rendition of judgment on the grounds advanced by the Cemeteries in their cross-motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993). The Cemeteries contended "that the 1992 and 1993 tax notices are void and Plaintiffs cannot be subjected to taxes for the values assessed in the notices." In their first ground for judgment, the Cemeteries argued:

> Plaintiffs' so-called "burial spaces held for profit" are exempt from ad valorem taxation because Plaintiffs' inventory of burial spaces or interment rights available for sale are dedicated for burial and exempt from taxation pursuant to Tex. Health & Safety Code § 711.035(e).

-11-