Pam McANALLY, Darrell Price, Karen Price, Roxan Teague, Clarron Berryman, Robert Smith, and Donald Renfro, as Trustees of the Wilson Chapel Cemetery Association, Appellants,

v.

FRIENDS OF WCC, INC., Appellee.

No. 05–02–01829–CV.

Court of Appeals of Texas, Dallas.

Aug. 28, 2003.

John Stooksberry, Boyd–Veigel, P.C., McKinney, for Appellants.

Cathy Lilford Altman, Carrington, Coleman, Sloman, Dallas, for Appellee.

Before Justice JAMES, FARRIS[1], and ROSENBERG.[2]

## OPINION

Opinion by Justice FARRIS.

This appeal has grown out of a dispute between several individuals, collectively known as the Trustees of the Wilson Chapel Cemetery Association (Trustees),[3] and Friends of WCC, Inc. (Friends), a nonprofit cemetery corporation organized by cemetery plot owners under Tex. Health & Safety Code Ann. § 711.022 (Vernon 2003). In one collective point of error, Trustees complain of the trial court's summary judgment, which determined that Friends is the owner and governing body of the Wilson Chapel Cemetery, including a one-acre tract upon which the Wilson Chapel was located. In appealing the summary judgment, Trustees break their argument into seven distinct issues, asserting: (1) under the estoppel by deed doctrine, illegal votes were cast in favor of incorporation of Friends; (2) elected directors of Friends were not qualified; (3) section 711.022 does not authorize the involuntary transfer of

---

1. The Honorable David F. Farris, Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. The individuals are Pam McAnally, Darrell Price, Karen Price, Roxan Teague, Clarron Berryman, Robert Smith, and Donald Renfro.

title of a cemetery; (4) a one-acre tract adjoining the cemetery should have been excluded from the judgment; (5) Friends's suit against Trustees is a trespass to try title action, and Friends neither proved its right to recover upon the strength of its own title nor pleaded a sufficient legal description upon which a judgment could render title; (6) attorney fees, awarded to Friends, were not recoverable under the trespass to try title statutes; and (7) the judgment unlawfully deprived Trustees of property. Because the issues are distinct, we will address and resolve each identified issue separately.

Friends brings cross points complaining of the summary judgment in favor of Trustees, denying Friends's claim to funds held by Trustees. Friends claimed it was entitled to the money under either provisions of the Texas Trust Code or section 711.022. Friends argues the evidence showed either: (1) as a matter of law, it was entitled to the funds; or (2) a material fact issue remained with regard to who was entitled to those funds.

This appears to be a case of first impression as no published opinion has addressed the effect of section 711.022. We conclude the trial court properly determined that Friends should own and govern the cemetery, that there was insufficient summary judgment proof the one-acre tract was a part of the cemetery, that Friends was not entitled to recover attorney fees because its suit was in the nature of trespass to try title, and the trial court properly denied Friends's claim to the funds held by Trustees. We affirm in part, reverse and remand in part, and reverse and render in part.

## BACKGROUND FACTS

The Wilson Chapel Cemetery (WCC) is a publicly dedicated cemetery. The first land dedicated to WCC was deeded to named individuals and their successors as "Trustees of Wilson Chapel Burial Ground." Wilson Chapel Cemetery Association was the non-profit, unincorporated association having title to and control of the Wilson Chapel Cemetery governed by these Trustees.

On January 14, 2001, a number of individuals held a meeting and voted to form a nonprofit corporation for the purposes of acquiring control and ownership over the cemetery. The meeting was held and the vote was conducted pursuant to section 711.022. Two days after the meeting, Friends was incorporated. Friends filed this suit the next day claiming that it was the lawful governing body of the cemetery. Friends sought a declaratory judgment (1) confirming that it was properly organized as a corporation; it was the sole owner of the legal and beneficial title to the real property, it was entitled to possession of all funds collected or donated for cemetery purposes and (2) it was entitled to the records of the cemetery. Friends filed a motion for summary judgment on all issues except the funds. The trial court granted the motion. Trustees and Friends filed motions on the issue of the ownership of the cemetery funds. The trial court granted Trustees' motion. Trustees and Friends appeal.

## SUMMARY JUDGMENT STANDARD OF REVIEW

We review summary judgments under well established standards: (1) the movant must show there is no genuine issue of material fact and that movant is entitled to a judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See*

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, the plaintiff can bar summary judgment by presenting evidence creating a fact question on the elements attacked by the defendant. *See Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 680–81 (Tex.1982). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

### VALIDITY OF THE VOTES

In their first issue, Trustees contest the validity of the votes cast at the meeting to organize Friends of WCC. At Friends's organizational meeting, thirty-three votes were cast for incorporation and seven against. Trustees argue that had twenty-nine challenged votes been disallowed, the motion to incorporate would have been defeated.

■ Trustees first contend that of those who voted for incorporation, five were not plot owners. Although Trustees questioned whether five of the votes were plot owners, they produced no evidence to discredit the determination of the inspector of elections. Therefore, this argument fails.

■ Trustees' response to Friends's motion for summary judgment and their brief on appeal also assert that based on quoted language from the deeds, twenty-four plot owners, whose votes are challenged on estoppel grounds, were contractually bound to be governed by the Cemetery Association. Trustees' estoppel contention is based upon language found in each of the deeds produced by the twenty-four challenged voters. The deeds state:

> [S]aid burial lot shall at all times hereafter, and the owners thereof be subject to the rules, regulations, conditions, restrictions and by-laws made at this time or created hereafter by the President and Trustees of said Association for the government of lot holders and visitors to said cemetery and for conducting the affairs of the Association.

Trustees contend that under the doctrine of estoppel by deed, anyone claiming ownership under a deed containing the quoted language is estopped from voting in favor of incorporation.

■ Chapter 711 of the health and safety code acknowledges that a cemetery association may convey plots subject to its rules and restrictions and also provides that plot owners may organize a corporation to receive title to the cemetery. TEXAS HEALTH & SAFETY CODE §§ 711.022, 711.038 (Vernon 2003). An important requisite of estoppel is that it should be certain, precise, and clear. *See Linney v. Wood*, 66 Tex. 22, 17 S.W. 244, 246 (1886). Therefore, Trustees were obliged to expressly present to the trial court, by written response, any issues defeating Friends's entitlement to summary judgment. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 343 (Tex.1993). Trustees have not identified any "rules, regulations, conditions, restrictions or by-laws" that the twenty-four plot owners violated. Accordingly, Trustees did not meet their obligation with regard to their estoppel defense. We resolve Trustees' first issue against them.

### QUALIFICATION OF DIRECTORS

■ In their second distinct issue, Trustees contend there was no summary judgment proof that Friends's elected directors were plot owners qualified to serve on the board under section 711.022. Their contention ignores the uncontested affidavit of Shannon Lillard identifying each of the directors as cemetery plot owners. Once a defendant produces evidence enti-

tling it to summary judgment, the plaintiff then carries the burden to present evidence creating a fact issue. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972). Because Trustees presented nothing to contest Lillard's affidavit, we conclude the affidavit is sufficient proof of the directors' qualifications, and we resolve Trustees' second issue against them.

### TRANSFER OF TITLE UNDER SECTION 711.022

In Trustees' third issue, they point to the language of section 711.022(a) providing: "Plot owners may organize a nonprofit corporation to receive title to land previously dedicated to cemetery purposes." TEXAS HEALTH & SAFETY CODE § 711.022(a) (Vernon 2003). Trustees argue that Friends could only acquire title to the cemetery through a purchase or gift from Trustees. But section 711.022(c) provides that a majority of the plot owners present and voting shall decide whether to incorporate and convey the land to the corporation. TEX. HEALTH & SAFETY CODE ANN. § 711.022(c) (Vernon 2003). We conclude the article was intended to empower plot owners to take action regarding the conveyance of the land. Therefore, we reject Trustees' argument, and we resolve the third issue against Trustees.

### WILSON CHAPEL ONE-ACRE TRACT

Trustees complain in their fourth issue that the one-acre upon which the Wilson Chapel was located was not dedicated for cemetery purposes and should not be considered a part of the cemetery. Alternatively, Trustees argue Friends's summary judgment proof on this issue was insufficient. In 1974 the Wilson Chapel and the land upon which it was located were conveyed by the Board of Trustees of the North Texas Annual Conference of the United Methodist Church to the then-trus-tees of the Wilson Chapel Cemetery Association. The deed recited that for many years the church had ceased to be used as a place of worship but had been maintained and kept available for worship and burial purposes by the Wilson Chapel Cemetery Association and its trustees. In his affidavit, Berryman stated that the one-acre tract did not constitute a part of the cemetery, and it had never been used as a place of internment or a burial park.

The maintenance of a chapel would be consistent with the statutory definition of "cemetery purpose." *See* TEXAS HEALTH & SAFETY CODE ANN. § 711.001 (Vernon 2003). However, the summary judgment proof on the use of the chapel and the one-acre tract is disputed; Trustees presented evidence creating a fact question. *See Puga*, 634 S.W.2d at 680–81. Accordingly we sustain Trustees' fourth issue. We remand the issue of title of the one-acre tract for trial.

### TRESPASS TO TRY TITLE

In their fifth issue, Trustees contend that, according to the property code, Friends's suit is a trespass to try title action because Friends sought judgment declaring that it owned the cemetery. *See* TEX. PROP.CODE ANN. § 22.001 (Vernon 2000). Trustees also argue that to prevail, Friends had to plead and prove it has title to the cemetery, but that Friends has done neither. Trustees point out that neither Friends's pleadings nor the judgment contain a legal description of the Wilson Chapel Cemetery. But the trial court did not rule on Trustees' special exceptions to Friends's pleadings and the record does contain deeds submitted in support of Friends's motion for summary judgment. Friends offered the deeds as uncontested summary judgment proof of the cemetery's legal description.

Section 22.001 provides that a trespass to try title is the method to determine title to real property. *Id.; see also Ely v. Briley,* 959 S.W.2d 723, 727 (Tex.App.-Austin 1998, no pet.); *Barfield v. Holland,* 844 S.W.2d 759, 771 (Tex.App.-Tyler 1992, writ denied). We conclude that Friends's suit is a trespass to try title action. However, we also conclude that Friends met its burden of proof through its uncontested deeds proving the cemetery's legal description. Accordingly, while we resolve the fifth issue in Trustees' favor, we remand only so the trial court may address the want of a legal description in the judgment.

### ATTORNEY'S FEES

 In their sixth distinct issue, Trustees contend that because the action is a trespass to try title, Friends is not entitled to recover attorney's fees. We have concluded that Friends's suit is in the nature of a trespass to try title. Attorney's fees are not recoverable under the statutes governing trespass to try title. *See Ely,* 959 S.W.2d at 727; *see generally,* TEX. PROP.CODE ANN. § 22.001–045 (Vernon 2000). Accordingly, we resolve Trustees' sixth issue in Trustees' favor.

### DEPRIVATION OF PROPERTY

 In their seventh issue, Trustees contend that the judgment has deprived them of a valuable property right, the right to own the cemetery, without due course. *See* TEX CONST. art. I, § 19. Trustees also argue they have suffered an unconstitutional taking of their property. *See* TEX. CONST. art. I, § 17. In response, Friends argues that Trustees were not divested of any property rights because they were but trustees holding the legal title for the benefit of current and prospective plot owners.

 This Court has recognized that once a cemetery owner dedicates property for burial purposes, that property, its ownership, and its use become unique. *Laurel Land Mem'l Park v. Dallas Cent. Appraisal Dist.,* 911 S.W.2d 783, 784–787 (Tex.App.-Dallas 1995, writ denied). After public dedication, the owner retains only the legal title. *Id.* The property becomes appropriated to the public purpose of burying the dead. *Id.* The peculiar use to which a cemetery is dedicated and the sanctity that attaches justify excluding it from the ordinary rules of ownership. *Peterson v. Stolz,* 269 S.W. 113, 116 (Tex.Civ. App.-Beaumont 1925, writ ref'd). And in this instance the property was not conveyed to Trustees in fee simple but to them as trustees. Thus, we conclude that the judgment has not deprived Trustees of property as they assert. We resolve the seventh issue against Trustees.

### CROSS POINTS: FUNDS HELD BY TRUSTEES FOR CEMETERY PURPOSES

In its cross points, Friends argues: (1) as a matter of law, it was entitled to the funds held by Trustees or (2) a material fact issue remained with regard to who was entitled to those funds. After the trial court granted Friends's motion for summary judgment, Trustees moved for summary judgment on what they identified as the only remaining issue: Friends's claim to money held by Trustees that had been collected or donated for cemetery purposes. Friends based its claim to the funds on two theories: (1) an express trust existed with the Trustees serving as trustees and (2) section 711.022 required that both the cemetery and the funds held by Trustees for the maintenance of the cemetery should be transferred to Friends. Under its express trust theory, Friends alternatively sought an amendment of the trust naming it as trustee of the funds donated for cemetery purposes pursuant to Texas Property Code section 112.054, or

the removal of Trustees as trustees pursuant to Texas Property Code section 113.082. In their motion for summary judgment, Trustees argue that there was no express trust and that section 711.022 applied only to cemetery lands and not to money.

### Express Trust

■■■■ There are no particular words required to create a trust if there exists reasonable certainty as to the intended property, object, and beneficiary. *See Tomlinson v. Tomlinson*, 960 S.W.2d 337, 338 (Tex.App.-Corpus Christi 1997, pet. denied); *Rizk v. Cousins Mortgage & Equity Investments*, 627 S.W.2d 753, 755 (Tex.App.-Houston [1st Dist.] 1981, writ ref'd n.r.e.). But the use of the word "trustee" in a deed is merely descriptive and of no legal effect. *See Spiritas v. Robinowitz*, 544 S.W.2d 710, 715 (Tex.Civ. App.-Dallas 1976, writ ref'd n.r.e.). To create a trust, the beneficiary must be identified with certainty. *See Unthank v. Rippstein*, 386 S.W.2d 134, 136 (Tex.1964); *Spiritas*, 544 S.W.2d at 715.

In making its argument, Friends points to the deeds conveying the cemetery to Trustees' predecessors and to a will bequeathing $25,000 to the Wilson Cemetery Association. Friends asserts these documents set out the trust, but none of the documents identify a beneficiary. Because no beneficiary was identified, we conclude the trial court properly sustained Trustees' motion for summary judgment by denying Friends relief under provisions of the Texas Trust Code. We resolve this issue against Friends.

### Section 711.022

■■■ Friends also argues that the trial court erred in finding that section 711.022 does not apply to the funds held by the Trustees because the rationale for the statute applies equally to both land and money donated or collected for the upkeep and maintenance of the cemetery. But where statutory language is unambiguous, ·as it appears here, we must seek the intent of the legislature in the plain and common meaning of the terms used. And in this instance, we are only able to conclude that the legislature did not intend that section 711.002 apply to money. We resolve this issue against Friends.

### CONCLUSION

We affirm the trial court's summary judgment that Friends is the owner and governing body of the Wilson Chapel Cemetery, but remand that issue for a determination of the legal description of the real property that constitutes the cemetery. We reverse the trial court's summary judgment that the Wilson Chapel one-acre tract is a part of the cemetery owned and governed by Friends and remand that issue for trial. We affirm the trial court's summary judgment denying Friends' claims to the funds held by Trustees. We reverse the award of attorney's fees to Friends and render judgment that Friends is not entitled to recover attorney's fees.