

NUMBER 13-11-00330-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MCALLEN HOSPITALS, L.P. D/B/A MCALLEN MEDICAL CENTER AND D/B/A EDINBURG REGIONAL MEDICAL CENTER,** | **Appellants,** |
| **v.** | |
| **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,** | **Appellee.** |

## On appeal from the 139th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Benavides

In this appeal, we are asked to interpret the Texas Hospital and Emergency

Medical Services Lien statutes. *See* TEX. PROP. CODE ANN. §§ 55.001–.007 (West

Supp. 2011). By one issue, appellant, McAllen Hospitals, L.P. d/b/a McAllen Medical Center and d/b/a Edinburg Regional Medical Center ("MMC"), contends that the trial court erred in granting appellee's, State Farm County Mutual Insurance Company of Texas ("State Farm"), motion for summary judgment. We affirm.

## I. BACKGROUND

The underlying facts of this appeal involve the recovery of costs for medical services MMC rendered to Melinda Hernandez and Jose Gil related to injuries sustained following a car wreck in Hidalgo County. The cost of treatment provided totaled $1,281.00 and $53,564.00 for Hernandez and Gil, respectively. MMC secured liens over these hospital bills by filing written notice of the liens with the Hidalgo County Clerk's Office to attach the proceeds of any possible settlement obtained by Hernandez and Gil for personal injuries related to the car crash that caused their hospitalizations. *See* TEX. PROP. CODE ANN. § 55.005 (West Supp. 2011).

Following their respective treatments at MMC, Hernandez and Gil filed bodily injury claims with the responsible third-party's insurance carrier, State Farm, and eventually reached mutually agreeable settlements. The settlement amounts totaled $2,100.00 and $5,200.00 for Hernandez and Gil, respectively. State Farm does not dispute that it had notice of MMC's liens at the time of the settlements. As a result, State Farm issued the relevant settlement drafts in the following manner: (1) payable to Hernandez and MMC, jointly, for the sum of $1,281.00; and (2) payable to Gil, Gil's wife Rafaela Balderas, and MMC, jointly, for the sum of $5,200.00.

Hernandez endorsed her check and deposited it at Texas State Bank without MMC's endorsement. Gil and Balderas endorsed his check and deposited it at Lone

2

Star National Bank without MMC's endorsement. Despite the missing endorsements from MMC on both checks, both banks negotiated the instruments and cashed them. MMC subsequently filed suit against a number of defendants, including State Farm, and alleged that State Farm violated the Texas Hospital and Emergency Medical Services Lien statutes for settling Hernandez and Gil's claims without resolving MMC's liens.

State Farm filed a motion for summary judgment which sought a declaration as a matter of law from the trial court that State Farm fulfilled its obligations under the hospital lien statute by issuing and delivering co-payable settlement drafts to Hernandez and MMC, as joint payees, and to Gil, Balderas and MMC, as joint payees. MMC filed a cross-motion for summary judgment which sought a ruling from the trial court as a matter of law finding that State Farm violated the Hospital and Emergency Medical Services Lien statutes and should therefore pay MMC. The trial court granted State Farm's motion for summary judgment and found no genuine issue of material fact as to whether State Farm fully discharged its obligation to protect MMC's liens. Additionally, the trial court denied MMC's motion for summary judgment. MMC appealed.

## II. STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v.* Grant, 73 S.W.3d 211, 215 (Tex. 2002). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine

3

all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 874 (Tex. 2000). The reviewing court should then render the judgment the trial court should have rendered. *Id.* When a trial court does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 215.

### III. DISCUSSION

In its sole issue, MMC contends that the trial court erred when it determined that naming MMC as a joint payee on a settlement draft issued and delivered to Hernandez and Gil was sufficient to satisfy the hospital lien statutes. *See* TEX. PROP. CODE ANN. § 55.007 (West Supp. 2011).

### A. Texas Hospital and Emergency Medical Service Liens Statutes

Under Chapter 55 of the Texas Property Code, a hospital may hold a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another so long as the services were rendered no later than seventy-two hours after the accident. *See id.* § 55.002(a) (West Supp. 2011). A lien under this chapter may attach to, among other things, "the proceeds of a settlement of a cause of action or a claim by the injured individual or another person entitled to make the claim, arising from an injury for which the injured individual is admitted to the hospital or receives emergency medical services." *Id.* § 55.003(a)(3). To perfect its lien, a hospital must: (1) provide necessary statutory notice to the injured individual; and (2) file written notice of the lien with the county clerk of the county in which the services were provided before any money is paid

4

to the entitled individual for the injuries. *See id.* § 55.005(a). Finally, a release of a cause of action or judgment to which a lien may attach is not valid unless: (1) the charges of the hospital or emergency medical services provider claiming the lien were paid in full before the execution and delivery of the release; (2) the charges of the hospital or emergency medical services provider claiming the lien were paid before the execution and delivery of the release to the extent of any full and true consideration paid to the injured individual by or on behalf of the other parties to the release; or (3) the hospital or emergency medical services provider claiming the lien is a party to the release. *Id.* § 55.007.

**B.      Motions for Summary Judgment**

As a preliminary matter, it is undisputed that MMC held a valid hospital lien over Hernandez and Gil's respective personal injury claims. *See id.* § 55.005(a). Therefore, the key inquiry in this case turns upon whether State Farm's action of naming MMC as co-payee on the Hernandez and Gil settlement drafts sufficiently complied with the pertinent statutes.

**1.      MMC's Argument**

MMC argues that naming a hospital co-payee with an injured individual will defeat the purpose of Chapter 55 and would make it unlikely that the hospital would receive the payment as entitled. MMC further asserts that section 55.007(a) does not permit an insurance company to include a hospital's name on a settlement check after a settlement is reached because payment was not made to the hospital prior to the release of a cause of action or judgment being signed and delivered, as required. MMC contends that sections 55.008(a)(1) and (3) require payment in full to the hospital prior

5

to the execution and delivery of the release of a cause of action or judgment in order for it to be valid and effective. MMC argues that to recognize State Farm's actions as compliant with Chapter 55 would render the statutory scheme "meaningless."

## 2. State Farm

State Farm contends that its duties under Chapter 55 were satisfied by naming MMC and Hernandez and MMC and Gil as joint payees in the settlement check. In support of its motion for summary judgment, State Farm directs this Court to two cases which we find useful. The most recent case comes from our sister court in Beaumont, which held that an insurance company's action of naming a hospital lienholder as a payee on a settlement check for injuries sustained from an automobile accident was not a breach by the insurance company of its release with the injured party, but rather "an effort to comply with [chapter 55 of the property code] and obtain a valid release." *Richards v. Am. Nat. Prop. & Cas. Co.*, 195 S.W.3d 758, 761 (Tex. App.—Beaumont 2006, no pet.). The *Richards* Court further held that even if the settlement check was made payable solely to the injured party, the injured party could not cash the check without first paying the lien because the lien attaches to the settlement proceeds. *Id.*

State Farm also cites *Benchmark Bank v. State Farm Lloyds*, which involved a property loss settlement from a homeowner's insurance policy made jointly payable to the homeowner and Benchmark Bank as mortgagee. 893 S.W.2d 649, 649–50 (Tex. App.—Dallas 1994, no writ). In *Benchmark*, the question was whether Benchmark Bank's failure to endorse the settlement check, despite being cashed by the homeowner, discharged State Farm's obligations under the policy to pay Benchmark Bank as mortgagee. *Id.* at 650. The Dallas Court held that State Farm discharged its

6

duties, despite the fact that Benchmark Bank never received payment from the loss pursuant to the policy. *Id.* at 651. The Court held that "payment to and possession of a draft by one joint payee is constructive possession by the other joint payee," and that State Farm's obligations under the insurance policy were not affected. *Id.* We agree with MMC's argument that *Benchmark Bank* is distinguishable because this case involves statutory duties rather than contractual ones. We do not agree, however, that the case is not instructive to our analysis. To the contrary, we find it helpful.

### 3. Analysis

In this case, State Farm acknowledges that the automobile liability policy which Hernandez and Gil asserted claims against was a $20,000 per person/$40,000 per occurrence policy. As a result, after State Farm's investigations and settlements with other parties, mutually agreeable settlements were reached with Hernandez and Gil. Hernandez's settlement amount of $2,100.00 was within her MMC lien amount of $1,281.00, while Gil's settlement amount of $5,200.00 fell well below his MMC lien amount of $53,564.00. Therefore, State Farm included MMC as a co-payee in an effort to comply with the statutes and obtain a valid release.

At that point, State Farm's statutory duty was discharged and the duty shifted to Hernandez and Gil to obtain MMC's endorsement on the settlement checks and then satisfy the lien amounts, given that MMC was a listed co-payee on the settlement checks and MMC's lien had attached to the settlement proceeds. *See* TEX. PROP. CODE ANN. § 55.003(a)(3); *Richards*, 195 S.W.3d at 761. We are not directed to—nor can we find—any authority which expressly prohibits State Farm from naming MMC, as a joint payee and hospital lienholder, on a settlement check with the injured claimants, or that

7

doing so did not comply with the hospital lien statutes. Furthermore, our interpretation today does not render the hospital lien statutes "meaningless" as MMC contends because obligations to hospital lienholders still exist and injured patients would still be required to satisfy the outstanding liens by seeking out the hospital's endorsement on the settlement drafts. *See* TEX. PROP. CODE ANN. § 55.007(a)(2).

Accordingly, after reviewing both parties' motions for summary judgment, we conclude that the trial court did not err in finding that State Farm established its right to summary judgment as a matter of law and denying MMC's motion for summary judgment. *See FM Props.*, 22 S.W.3d at 874. MMC's sole issue is overruled.[1]

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA BENAVIDES
Justice

Delivered and filed the
25th day of October, 2012.

---

[1] We express no opinion about MMC's potential cause(s) of action, if any, against Texas State Bank, Lone Star National Bank, Hernandez, or Gil.

8